USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/21/2013

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALAN B. MORTON et al.,

Plaintiffs,

-v-

TIME WARNER CABLE et al.,

Defendants.

TIME WARNER CABLE et al.,

Cross Claimants,

-v-

TW TELECOM, INC, et al.,

Cross Defendants.

TW TELECOM, INC, et al.,

Cross Claimants,

-v-

TIME WARNER CABLE et al.,

Cross Defendants.

11 Civ. 888 (JMF)

MEMORANDUM OPINION AND ORDER

JESSE M. FURMAN, United States District Judge:

Plaintiffs Alan Morton ("Morton") and Marianne Malitz-Morton ("Malitz-Morton") sue Defendants Time Warner Cable; Time Warner, Inc.; TW Telecom New York, LP; and TW Telecom, Inc., for injuries that Morton allegedly suffered from inhaling toxic fumes released by

"storage batteries" in a particular room.[1]  In addition, Defendants Time Warner Cable and Time Warner Inc. (together, the "Cable Defendants"), bring counterclaims against TW Telecom New York, LP and TW Telecom, Inc. (together, the "Telecom Defendants"), and vice versa.  Now pending before the Court are two motions for summary judgment: one filed by Cable Defendants and one filed by Telecom Defendants.  The Cable Defendants' motion asserts that the Cable Defendants had no relationship to the room and its contents and thus cannot be held liable for Plaintiffs' injuries.  In their motion, the Telecom Defendants assert that Plaintiffs' claims against them are untimely.  For the reasons stated below, the Cable Defendants' motion is granted and the Telecom Defendants' motion is denied.

## FACTS

The following facts, taken from the Amended Complaint and the parties' submissions, are viewed in the light most favorable to Plaintiffs.  At all times relevant to this case, Morton was employed by ABC Disney, Inc., as an audio maintenance engineer.  (Am. Compl. ¶ 53).  In connection with that job, Morton spent time in the basement of 47 West 66th Street in New York, New York, where some or all of Defendants allegedly maintained and controlled a room containing "storage batteries."  (*Id.* ¶¶ 43-53).  On March 25, 2008, these "storage batteries" malfunctioned, emitting "toxic acid flumes [sic]" that escaped the room.  (*Id.* ¶¶ 53-58).  Morton inhaled the fumes, causing him "serious, permanent and lifelong injuries" and preventing him from returning to work.  (*Id.* ¶¶ 54-58, 66).  On February 9, 2011, Plaintiffs (Morton and his wife, Malitz-Morton) filed the original Complaint in this case, suing only the Cable Defendants for negligence.  (*See* Compl. (Docket No. 1)).  Fewer than three months later, on May 3, 2011, Plaintiffs filed the Amended Complaint, adding the Telecom Defendants as parties.  (*See* Am.

---

[1]    Although Plaintiffs name "Time Warner" as a distinct defendant, it is the same as "Time Warner Inc."  (Am. Answer 1 (Docket No. 11)).

2

Compl. (Docket No. 3)). Plaintiffs claim that they first learned they should have named the Telecom Defendants as defendants when they contacted the insurer of the room to serve the Cable Defendants and the insurer told them to serve the Telecom Defendants. (*See* Pls.' Counter-Statement of Material Facts ¶ 3 (Docket No. 31); *id.* Ex. 1). Apart from adding the Telecom Defendants as parties, the Amended Complaint is identical to the original Complaint.

## DISCUSSION

Although the parties have not yet engaged in discovery, all Defendants move for summary judgment. The Cable Defendants move for summary judgment on the ground that they had no relationship to the storage batteries or the room in which the storage batteries were contained at the time of the accident. The Telecom Defendants move for summary judgment on the ground that Plaintiffs' claims are time-barred.[2]

**A. The Summary Judgment Standard**

Summary judgment is appropriate where the admissible evidence and the pleadings demonstrate "no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Johnson v. Killian*, 680 F.3d 234, 236 (2d Cir. 2012) (per curiam). A dispute about a material fact is genuine if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *accord Roe v. City of Waterbury*, 542 F.3d 31, 35 (2d Cir. 2008).

---

[2] The parties have greatly complicated the task of addressing their arguments by filing many of their submissions incorrectly, failing to refile documents as instructed, and linking some of their filings to the wrong motion. (*See, e.g.*, Docket Nos. 6, 9, 12, 17, 28, 29, 35, 36, 38, 40, 41, 42, 43, 44, 46, 48, 52, 55, 56, 57). Although electronic docketing difficulties generally "cannot cause parties to lose 'any right because of a nonwillful failure to comply,'" *Dandong v. Pinnacle Performance Ltd.*, No 10 Civ. 8086 (LBS), 2012 WL 4793870, at *1 n.2 (S.D.N.Y. Oct. 9, 2012) (quoting Fed. R. Civ. P. 83(a)), the parties' failures in this case border on willful. For example, the Telecom Defendants failed to refile their summary judgment motion as instructed for almost seven months. Accordingly, the parties are warned that future submissions that are misfiled, and not properly and promptly refiled, may be disregarded.

In ruling on a motion for summary judgment, all evidence must be viewed "in the light most favorable to the non-moving party," *Overton v. N.Y. State Div. of Military & Naval Affairs*, 373 F.3d 83, 89 (2d Cir. 2004), and the court must "resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought," *Sec. Ins. Co. of Hartford v. Old Dominion Freight Line, Inc.*, 391 F.3d 77, 83 (2d Cir. 2004).

To defeat a motion for summary judgment, the non-moving party must advance more than a "scintilla of evidence," *Anderson*, 477 U.S. at 252, and demonstrate more than "some metaphysical doubt as to the material facts," *Matsushita Electric Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The non-moving party "cannot defeat the motion by relying on the allegations in [its] pleading or on conclusory statements, or on mere assertions that affidavits supporting the motion are not credible." *Gottlieb v. Cnty. of Orange*, 84 F.3d 511, 518 (2d Cir. 1996) (citation omitted). Affidavits submitted in support or in opposition to summary judgment must be based on personal knowledge, must "set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

**B. The Cable Defendants' Motion**

As noted, the Cable Defendants move for summary judgment on the ground that they had no relationship whatsoever with the room or batteries that caused Morton's injuries. In support of that argument, the Cable Defendants submit three affidavits: two, from the Cable Defendants' directors of operations, affirming that the Cable Defendants had no connection to the room or to the batteries, either directly or indirectly through the Telecom Defendants (Cavanaugh Aff. ¶¶ 6-8 (Docket No. 14); Azzaro Aff. ¶¶ 6-8 (Docket No. 15)); and a third, from TW Telecom Inc.'s Manager of Risk Management, acknowledging that the Cable Defendants and the Telecom

Defendants are separate entities and have been since before the accident. (Frenette Aff. ¶¶ 7-9 (Docket No. 16)). In addition, the Cable Defendants rely on a "Stipulation of Discontinuance," signed by the Telecom Defendants (albeit not signed by Plaintiffs or submitted to the Court for approval), in which the Telecom Defendants agreed that the Cable Defendants had no relationship to the room or the batteries. (Defs.' Mot. Summ. J. Ex. F (Docket No. 13-6)).

In the face of this evidence that the Cable Defendants had nothing to do with the room or batteries that caused Morton's injuries, Plaintiffs merely assert — through an affidavit from their counsel — that Morton "knew the lease of the room as Time Warner Cable based on a small sign on the door and common knowledge by other employees . . . that the room was Time Warner Cable's room." (Krawitz Decl. ¶ 11 (Docket No. 26)). It is well established that an affidavit or declaration used to support or oppose a motion for summary judgment "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). In light of that requirement, Plaintiff's counsel's hearsay statement that Morton "knew" the room was leased by Time Warner Cable, unsupported by any actual evidence, is plainly insufficient to defeat the Cable Defendant's motion for summary judgment. *See, e.g.*, *Weinstock v. Columbia Univ.*, 224 F.3d 33, 41 (2d Cir. 2000) ("[U]nsupported allegations do not create a material issue of fact."), *superseded by statute on other grounds as stated in Ochei v. Coler/Goldwater Mem'l Hosp.*, 450 F. Supp. 2d 275, 282-83 (S.D.N.Y. 2006)). Accordingly, the Cable Defendants' motion is granted.

### C. The Telecom Defendants' Motion

By contrast, the Telecom Defendants concede their control over the room that allegedly contained the batteries that caused Morton's injuries. (*See* Answer 2 (Docket No. 5) (admitting

5

"that twtny maintained equipment in Room B1 of 47 West 66th Street, New York, New York"); Am. Compl ¶¶ 43-52, 54-58 (alleging that the defendants controlled the room)).  Instead, they move for summary judgment on the ground that Plaintiffs' claims against them are untimely. (Mem. Law Supp. Defs.' Mot. Summ. J. 6-7 (Docket No. 49)).  The parties agree that the applicable statute of limitations is three years.  (*Id.* at 5 (citing N.Y. C.P.L.R. §§ 214, 214-c); Pls.' Mem. Law. Opp'n Defs.' Mots. Summ. J. 1-2 (Docket No. 27) (citing the same statutes)). Thus, whether Plaintiffs' claims against the Telecom Defendants are timely turns on whether the Amended Complaint, filed on May 3, 2011 — more than three years after the March 25, 2008 accident — "relates back" to the original Complaint, which was timely filed on February 9, 2011.  The Court concludes that it does.

Whether an amended complaint relates back to an earlier filed complaint is governed by Rule 15(c)(1) of the Federal Rules of Civil Procedure.  That Rule provides as follows:

> An amendment to a pleading relates back to the date of the original pleading when:
>
> > (A) the law that provides the applicable statute of limitations allows relation back;
> >
> > (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out — or attempted to be set out — in the original pleading; or
> >
> > (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
> >
> > > (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
> > >
> > > (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1).  If an amended pleading meets any one of the three prongs of Rule 15(c)(1), then a court must find that it relates back to the date of the original.  *See Krupski v. Costa Crociere S.p.A.*, — U.S. —, 130 S Ct. 2485, 2496 (2010) (discussing "[t]he mandatory nature of the inquiry for relation back under Rule 15(c)"); *Edwards v. Middlesex Cnty.*, No. 08-6359(JAP), 2010 WL 2516492, at *3 n.2 (D.N.J. June 14, 2010) ("Rule 15(c) is drafted in the disjunctive and requires that only one subpart must be met before a party may avail itself of relation back to the date of the original filing.").

Inexplicably, the parties in this case focus exclusively on Rule 15(c)(1)(A), which turns on aspects of New York law.  (Mem. Law Supp. Defs'. Mot. Summ. J. 6-8 (Docket No. 49); Pls.' Mem. Law. Opp'n Defs.' Mots. Summ. J. 3-7 (Docket No. 27); Reply Mem. Law 4-7 (Docket No. 51).  The Court need not address that provision, however, because the Amended Complaint plainly meets the requirements of Rule 15(c)(1)(C).  First, the Amended Complaint "change[d] the party" against whom Plaintiffs' claims were asserted insofar as it added the Telecom Defendants as parties.  Second, Rule 15(c)(1)(B) is obviously satisfied, as the Amended Complaint and the original Complaint relate to the same occurrence — namely, the March 25, 2008 accident.  Third, the Telecom Defendants received notice of the action within the 120-period provided by Rule 4(m) for serving the summons and original Complaint; in fact, the Telecom Defendants not only learned of the lawsuit within that period, but also filed their answer to the Amended Complaint within that period.  (*See* Compl., Feb. 9, 2011 (Docket No. 1); Am. Answer, May 23, 2011 (Docket No. 5)).  And the Telecom Defendants cannot claim any prejudice in defending on the merits, as nothing of significance occurred in the three-month period between the filing of the Complaint and the Amended Complaint.

Finally, the Telecom Defendants knew or should have known that Plaintiffs' lawsuit "would have been brought against [them], but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C)(ii).  The Telecom Defendants and the Cable Defendants were related prior to the accident in this case.  (*See, e.g.*, Mem. Law Supp. Defs'. Mot. Summ. J. 7 (Docket No. 49) ("We began our business in 1993 as a joint venture with Time Warner Cable . . . .  In July 1998, we became a separate entity . . . ." (quoting tw telecom's website)).  Moreover, as TW Telecom, Inc.'s own website acknowledged, at the time of the accident in this case, it was even known as "Time Warner Telecom Inc."  (Frenette Aff. ¶ 9 (Docket No. 16)).  Given these circumstances, it is apparent that Plaintiffs' failure to name the Telecom Defendants in the first instance was a result of their mistake in believing that the Cable Defendants owned and operated the relevant room and the storage batteries.  More to the point, the Telecom Defendants — who acknowledge that they, not the Cable Defendants, owned and operated the room (Answer 2 (Docket No. 5) (admitting "that twtny maintained equipment in Room B1 of 47 West 66th Street, New York, New York"); Defs.' Mot. Summ. J. Ex. F (Docket No. 13-6)) — plainly knew or should have known that they would have been named as defendants but for Plaintiffs' error.  *See Krupski*, 130 S Ct. at 2493 ("The question under Rule 15(c)(1)(C)(ii) is not whether [plaintiff] knew or should have known the identity of . . . the proper defendant, but whether [the defendant] knew or should have known that it would have been named as a defendant but for an error.").  Accordingly, the Amended Complaint relates back to the original Complaint.

## CONCLUSION

For the reasons stated above, the Cable Defendants' motion for summary judgment is GRANTED and the Telecom Defendants' motion for summary judgment motion is DENIED. The Clerk of Court is directed to terminate Docket Numbers 13 and 45 and to terminate Time Warner, Time Warner Cable, and Time Warner, Inc., as defendants.

SO ORDERED.

Dated: February 21, 2013
New York, New York

_____
JESSE M. FURMAN
United States District Judge